**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10454 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01663-ROS-1 |
| v. | |
| ALONSO ORTEGA-CASTILLO, AKA Alonzo Ortega-Castillo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10488 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00332-ROS-1 |
| v. | |
| ALONSO ORTEGA-CASTILLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 10, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

**1.** We reject Alonso Ortega-Castillo's argument that Border Patrol Agent Belen lacked reasonable suspicion to stop Ortega-Castillo's work truck. The record clearly demonstrates that Ortega-Castillo's truck was *already* stopped when Agent Belen parked behind the truck, which means that a Fourth Amendment stop did not occur and thus reasonable suspicion was unnecessary. *See United States v. Al Nasser*, 555 F.3d 722, 729–30 (9th Cir. 2009). The district court did not provide detailed factual findings on this point, *see* Fed. R. Crim. P. 12(d), but Ortega-Castillo has not pointed to any factual dispute that would necessitate a remand. *See* Fed. R. Crim. P. 52. Moreover, even if Ortega-Castillo could show a Fourth Amendment violation, his identity would not be suppressible. *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132–33 (9th Cir. 2006).

**2.** Based on the evidence presented at trial, a reasonable jury could have found beyond a reasonable doubt that Ortega-Castillo was "found in" the United States. *See United States v. Quintana-Torres*, 235 F.3d 1197, 1199–1200 (9th Cir. 2000). Specifically, Ortega-Castillo admitted at the time of his arrest that he was

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

living in Yuma, Arizona, with his girlfriend; that he had met a friend at Yuma's Joe Henry Park on the prior day; and that, at the time of his arrest, he had been planning to run errands at a Wal-Mart some 30 miles away. Our precedent does not require the government to prove that Ortega-Castillo was found in a town that does not share a border with Mexico, and Ortega-Castillo was unable to cite a case to the contrary.

**3.** The district court did not abuse its discretion in denying a mistrial after Agent Belen testified that Ortega-Castillo had 460 pounds of marijuana in the back of his truck. Although we recognize that admission of past criminal activity is prejudicial, Agent Belen's statement was unlikely to have "materially affected" the verdict. *United States v. Dorsey*, 677 F.3d 944, 954–55 (9th Cir. 2012). There was ample evidence in the record demonstrating Ortega-Castillo's guilt, and the jury likely inferred that Ortega-Castillo had engaged in drug trafficking, given that Agent Banach of the Drug Enforcement Agency testified that she interviewed Ortega-Castillo after his arrest. Finally, the district court minimized the damage by striking Agent Belen's testimony and promptly instructing the jury to "ignore" it. *See id.* at 955.

**4.** We also reject Ortega-Castillo's arguments relating to his sentence. First, the district court did not commit plain error by failing to depart from the

Guidelines on the ground that the government's conduct precluded Ortega-Castillo from serving his federal and state sentences concurrently. While a district court is authorized to make this departure, *see United States v. Sanchez-Rodriguez*, 161 F.3d 556, 564 (9th Cir. 1998) (en banc), it is not required to depart *sua sponte*. Second, even though the Guidelines do not recommend supervised release for defendants who will be deported after their prison terms, *see* U.S.S.G. § 5D1.1(c), the district court's imposition of supervised release in this case was adequately explained by the need for greater deterrence. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012). Finally, the district court did not impose a sentence for revocation of supervised release based solely on new criminal activity. *United States v. Simtob*, 485 F.3d 1058, 1061–63 (9th Cir. 2007). The district court considered the Sentencing Guidelines' Chapter 7 policy statements and explained that the sentence was based largely on the defendant's history of recidivism.

**AFFIRMED.**